IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No. 08-57 (BJR) |
| | : | |
| AURELIO CANO-FLORES | : | |

MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel respectfully requests leave of this Court for counsel and appointed second chair, Ms. Kristen Hughes, Esq., to withdraw as counsel for Defendant Aurelio Cano-Flores in the above case. As grounds therefore counsel states:

1. Undersigned counsel represented Defendant from pretrial discovery and negotiations through trial, then through direct appeal and a petition for writ of certiorari in the United States Supreme Court. The United States Court of Appeals for the District of Columbia Circuit affirmed Defendant's conviction and sentence, but remanded for a new hearing on the amount of forfeiture. That hearing is currently scheduled for January 10, 2017.

2. Undersigned counsel went to see Defendant at the District of Columbia Central Detention Facility on November 16, 2016 to discuss the matter. Defendant is a citizen of Mexico and does not speak English. Undersigned counsel speaks Spanish only on a conversational level, but had been unable to obtain the services of an interpreter, when he went to see Defendant. It became apparent that counsel needed the services of a qualified interpreter to discuss the details of the government's proffer. Counsel

promised to return with such an interpreter. This was one of the reasons which counsel cited in requesting a continuance in the forfeiture hearing.

3. On December 1, 2016, counsel visited Defendant at the Central Detention Facility, this time with an interpreter. After discussing the forfeiture matter, to include some potential discrepancies in the government's proffer, Defendant asked if he could "open up" to counsel. Over a ten minute period, Defendant expressed his unhappiness with the outcome of the case, to include numerous decisions made by counsel during plea negotiations, during trial and during sentencing. As Defendant pulled from his jumpsuit what appeared to be several pages of written points, counsel stopped him.

4. Counsel explained that, except for the limited issue of the forfeiture, there was little more that counsel could do as far as the conviction and sentence were concerned. He explained that if Defendant believed that the decisions made by counsel were wrong, the only remedy was to file a motion with the Court asserting that counsel was ineffective. Counsel declined to further discuss the additional points which Defendant had prepared, explaining that any efforts to dissuade Defendant from pursuing post-conviction relief would simply be viewed as self-serving. Counsel also explained that if Defendant wished to follow that course, it was better for counsel to seek to withdraw now, as further representation, even as to a discrete issue like forfeiture, was fraught with conflict. Defendant assured counsel that he *did* want to pursue that course.

5. While undersigned counsel does not agree with the conclusion that his representation was ineffective, he agrees that Defendant should have a right to independent counsel to help him explore his options. Therefore, counsel now moves to

withdraw. Since the Court had appointed Ms. Kristen Hughes to act as second chair during the trial, it would be prudent to permit her to withdraw as well, although she has not played a part in the forfeiture litigation. Finally, since some of Defendant's complaints center around translation issues, it would be helpful for the Court to appoint new counsel who is fluent in Spanish.

Wherefore for the above reasons, undersigned counsel requests leave of this Court for undersigned counsel and Ms. Hughes to withdraw as counsel for Defendant Aurelio Cano-Flores in the above case.

                                              Respectfully submitted

                                                  /s/

Richard K. Gilbert
Bar. No. 939884
100 "M" Street, S.E.
Suite 600
Washington, D.C.  20003
(202) 749-8627
rkgesq@juno.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No. 08-57 (BAH) |
| | : | |
| AURELIO CANO-FLORES | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>MOTION TO WITHDRAW AS COUNSEL</u>

    1. Local Criminal Rule 45.5 of this Court's Local Rules requires approval of the Court to withdraw as counsel.

    2. District of Columbia Rule of Professional Conduct 1.16 governs withdrawal by counsel. Paragraph (b)(5) of Rule 1.16 permits the Court to find other "good cause" for withdrawal. Given the impossibility of counsel appropriately advising Defendant about a course of action that would require a claim of ineffectiveness of counsel, appointment of new counsel is appropriate.

                                                           Respectfully submitted

                                                           /s/

                                                           Richard K. Gilbert
                                                           Bar. No. 939884
                                                          100 "M" Street, S.E.
                                                          Suite 600
                                                          Washington, D.C.  20003
                                                          (202) 749-8627
                                                          rkgesq@juno.com

                                                          Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above Motion To Withdraw As Counsel was served by the Court's ECF system on Mr. Adrian Rosales, Esq., counsel for the United States and by first class mail, postage prepaid, on Defendant at the Central Detention Facility at 1901"D" Street, S.E., Washington, D.C. 20003, this 2nd day of December, 2016.

/s/
_____
Richard K. Gilbert