# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Crim. No.  08-CR-057-16 (BJR)** |
| **V·** | ) | |
| | ) | Leave to file is GRANTED, |
| **AURELIO CANO FLORES,** | ) | this 11th day of May, 2023. |
| **Defendant.** | ) | |

RECEIVED
Mail Room

MAY - 8 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

*Barbara J. Rothstein*
Barbara J. Rothstein
United States District Judge

## DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION

COMES NOW, Aurelio Cano Flores, defendant pro-se and in good faith to make this Reply to the government's response to a motion for sentence reduction. This Court gave the government until April 4, 2023 to respond to defendant's motion, and defendant until April 18th to reply. On April 17, 2023 defendant placed a letter in the mail to the Court explaining that he had not received a response to his motion from the government. Later that same day defendant was called to R & D at Beaumont Low and provided with a copy of the government's response. This reply is therefore submitted now.

### ARGUMENT

The government argues that the motion should be denied because:

1. The ruling articulated in ***Dillon v United States*** 560 U.S. 817 (2010) prohibits a resentencing.
2. That the defendant also fails to satisfy any factors in 18 USC 3553(a) that would support a sentence reduction.

The defendant submits that he is indeed entitled to a sentence reduction, even in light of ***Dillon.*** Defendant is entitled to the applicability of a two point reduction pursuant to Amendment 782 to the Sentencing Guidelines. Assuming arguendo that the recalculation must be made from the original 47 points calculated for his offense level, he was yet given a downward departure by the judge at his sentencing. Here, the defendant's offense level would drop to a 45 with the 2

point reduction. This reduction combined with the Court's further downward departure at his original sentencing would leave the Court free to reduce his current sentence of 35 years.

Indeed his original sentence was reduced significantly below the guideline level to avoid disparate treatment of the defendant compared to others similarly situated. As such he was sentenced consistent with an offense level 42. For this the defendant is very grateful to the Court. He was sentenced ultimately to a term of imprisonment within what is now matches the 37 point offense level.

It is from this vantage that the defendant argues that a sentence reduction is yet consistent with the rule in *Dillon.* If indeed he stands at the offense level providing for life, he is still subject to the advantage of the Judge's downward departure and consideration of the Section 3553 factors.

Critical to this section 3553 analysis is the defendant's post-conviction rehabilitation and conduct. Consideration of the Section 3553 factors does not constitute a plenary re-sentencing, but rather comports with the language in 18 U.S.C. 3582(c)(2):

"…the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicability policy statement issued by the Sentencing commission."

The Supreme Court held in *United States v Pepper,* 562 U.S. 476, 491-492 that post-sentencing rehabilitation "may also critically inform a sentencing judge's overarching duty under Section 3553(a)." Post-conviction, post-sentencing conduct provided the most up to date picture of the person Mr. Cano Flores is today and the characteristics he now embodies. As the Supreme Court held in *Pepper,* this type of "post-sentencing rehabilitation may be highly relevant to several of the Sec 3553(a) factors" and "provides the most up to date picture of the  [the defendant's] "history and characteristics.'"

The government concedes "Factors that weigh in favor of a sentencing reduction can include good-post sentencing conduct…" (Government response at p11) However the government then dismissed the defendant's rehabilitative efforts as simply amounting to "an absence of disciplinary incidents." Id at 11. This mischaracterizes the defendant's post-sentence conduct terribly. The defendant obtained his GED, a cornerstone of prison rehabilitation nationally. He has taken courses in Business matters, job fair skills, Sales and Marketing, Release studies and a host of art classes as set forth in Exhibit a Program Review. Since the submission of the motion the defendant has been employed at the prison in the recreation department. Significantly, he has completed the Bureau of Prisons Drug Education course. Further, he *has* maintained clear conduct without disciplinary charges. This fact combined with the many hours of rehabilitative work should inform the Court of the type of person he has worked to become.

His PATTERN recidivism score *is a -5.*

Finally, the defendant has lost more than his liberty. He has taken responsibility for his actions and further accepts a very significant sentence. However, it cannot be said that he hasn't paid other extremely costly penalties for his previous misconduct. He has lost many family

members and is unable to see any remaining family where he is now imprisoned because they are so far away. Indeed his own wife was violently murdered by decapitation. There is simply no penalty that can be served to equal such a horrible loss.

The defendant does not ask to be "let go" or handed some windfall of a sentence. Rather the defendant respectfully requests the sentence he is entitled to under the law and that he has toiled to earn since his imprisonment.

WHEREFORE, Aurelio Cano-Flores prays that this Court grant his motion for a sentence reduction to 324 months, or such reduction that the Court deems appropriate, pursuant to 18 U.S.C. Sec. 3582(c)(2) Amendment 782 and the Sec. 3553(a) factors.

_____

Aurelio Cano Flores

Sworn to this 1st day of May, 2023